IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COLE BEZNER, | |
| | CASE NO.: |
| PLAINTIFF, | 3:19-cv-02107 |
| | |
| v. | |
| | |
| JOHN DOE COMPANY a/k/a MIDLAND ARBITRATION, DEBT MANAGEMENT PARTNERS, LLC, and HARTFORD CASUALTY INSURANCE COMPANY, | |
| | |
| DEFENDANTS. | |

**ANSWER OF DEFENDANTS DEBT MANAGEMENT PARTNERS, LLC, AND HARTFORD CASUALTY INSURANCE COMPANY**

Defendants Debt Management Partners, LLC ("DMP"), and Hartford Casualty Insurance Company ("Hartford") (collectively the "Defendants"), as and for their Answer to Plaintiff Cole Bezner's ("Plaintiff") Complaint and Jury Demand (the "Complaint"), state upon information and belief as follows:

### JURISDICTION AND VENUE

1.      Defendants state that the allegations in paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in that paragraph.

2.      Defendants state that the allegations in paragraph 2 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in that paragraph.

3. Defendants state that the allegations in paragraph 3 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in that paragraph.

4. Defendants state that the allegations in paragraph 4 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in that paragraph.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore deny the allegations in that paragraph.

## PARTIES

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore deny the allegations in that paragraph.

7. Defendants admit the allegations in paragraph 7 of the Complaint.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. In response to the allegations in paragraph 9 of the Complaint, Defendants admit that DMP is a limited liability company formed pursuant to the laws of the state of Delaware to engage in all lawful acts or activities for which a limited liability company may be organized under the law, and deny the remaining allegations in that paragraph.

10. In response to the allegations in paragraph 10 of the Complaint, Defendants admit that DMP buys and sells debt and places accounts for collection from time to time, but deny the remaining allegations in that paragraph.

11. Defendants state that the allegations in paragraph 11 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in that paragraph.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint, and therefore deny the allegations in that paragraph.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore deny the allegations in that paragraph.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore deny the allegations in that paragraph.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore deny the allegations in that paragraph.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore deny the allegations in that paragraph.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore deny the allegations in that paragraph.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore deny the allegations in that paragraph.

19. Defendants state that the allegations in paragraph 19 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore deny the allegations in that paragraph.

20. In response to the allegations in paragraph 20 of the Complaint, Defendants admit that Hartford is the surety company for the bond DMP has on file with the Texas Secretary State, bond number 20BSBGV8871, and state that the remaining allegations in paragraph 20 constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in that paragraph.

21. Defendants state that the allegations in paragraph 21 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

## FACTUAL ALLEGATIONS

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore deny the allegations in that paragraph.

23. Defendants state that the allegations in paragraph 23 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in that paragraph.

24. In response to the allegations in paragraph 24 of the Complaint, Defendants admit that the Account was delinquent and charged off by the originating creditor, and deny the remaining allegations in that paragraph.

25. In response to the allegations in paragraph 25 of the Complaint, Defendants admit that the Account was purchased by DMP after it was charged off by the originating creditor for nonpayment, and deny the remaining allegations in that paragraph.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore deny the allegations in that paragraph.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore deny the allegations in that paragraph.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore deny the allegations in that paragraph.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore deny the allegations in that paragraph.

31. Defendants state that the allegations in paragraph 31 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in that paragraph.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore deny the allegations in that paragraph.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore deny the allegations in that paragraph.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore deny the allegations in that paragraph.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore deny the allegations in that paragraph.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore deny the allegations in that paragraph.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore deny the allegations in that paragraph.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore deny the allegations in that paragraph.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore deny the allegations in that paragraph.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and therefore deny the allegations in that paragraph.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and therefore deny the allegations in that paragraph.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and therefore deny the allegations in that paragraph.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and therefore deny the allegations in that paragraph.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and therefore deny the allegations in that paragraph.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and therefore deny the allegations in that paragraph.

46. Defendants state that the allegations in paragraph 46 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in that paragraph.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and therefore deny the allegations in that paragraph.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and therefore deny the allegations in that paragraph.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and therefore deny the allegations in that paragraph.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and therefore deny the allegations in that paragraph.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

**RESPONDEAT SUPERIOR**

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and therefore deny the allegations in that paragraph.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and therefore deny the allegations in that paragraph.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and therefore deny the allegations in that paragraph.

60. Defendants state that the allegations in paragraph 60 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations in that paragraph.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants state that the allegations in paragraph 63 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

63. Defendants state that the allegations in paragraph 63 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

**COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
BY JOHN DOE COMPANY A/K/A MIDLAND ARBITRATION**

64. Defendants repeat and re-allege their responses to the allegations referenced in paragraph 64 of the Complaint as if fully set forth herein.

65. Defendants state that the allegations in paragraph 65 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

66. Defendants state that the allegations in paragraph 66 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

**COUNT II: VIOLATIONS OF THE TEXAS FINANCIAL CODE
BY JOHN DOE COMPANY A/K/A MIDLAND ARBITRATION**

67. Defendants repeat and re-allege their responses to the allegations referenced in paragraph 67 of the Complaint as if fully set forth herein.

68. Defendants state that the allegations in paragraph 68 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

69. Defendants state that the allegations in paragraph 69 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

70. Defendants state that the allegations in paragraph 70 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

71. Defendants state that the allegations in paragraph 71 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

72. Defendants state that the allegations in paragraph 72 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

### COUNT III: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY JOHN DOE COMPANY A/K/A MIDLAND ARBITRATION

73. Defendants state that the allegations in paragraph 73 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

74. Defendants state that the allegations in paragraph 74 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

### COUNT IV: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY DEBT MANAGEMENT PARTNERS, LLC

75. Defendants repeat and re-allege their responses to the allegations referenced in paragraph 75 of the Complaint as if fully set forth herein.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77. Defendants state that the allegations in paragraph 77 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

### COUNT V: VIOLATIONS OF THE TEXAS FINANCE CODE BY DEBT MANAGEMENT PARTNERS, LLC

78. Defendants repeat and re-allege their responses to the allegations referenced in paragraph 78 of the Complaint as if fully set forth herein.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants state that the allegations in paragraph 80 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

81. Defendants state that the allegations in paragraph 81 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

82. Defendants state that the allegations in paragraph 82 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

83. Defendants state that the allegations in paragraph 83 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

## COUNT VI: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY DEBT MANAGEMENT PARTNERS, LLC

84. Defendants deny the allegations in paragraph 84 of the Complaint.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

## COUNT VII: IMPUTED LIABILITY OF HARTFORD CASUALTY INSURANCE COMPANY FOR LIABILITY OF DEBT MANAGEMENT PARTNERS, LLC

86. Defendants repeat and re-allege their responses to the allegations referenced in paragraph 86 of the Complaint as if fully set forth herein.

87. Defendants state that the allegations in paragraph 87 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

88. Defendants state that the allegations in paragraph 88 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

## EXEMPLARY DAMAGES

89. Defendants state that the allegations in paragraph 89 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

## JURY TRIAL DEMAND

90. Defendants state that the allegations in paragraph 90 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in that paragraph.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

92. Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

94. Plaintiff fails to state a claim against each of the Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

95. Plaintiff's claims are precluded, in whole or in part, to the extent that Plaintiff's damages, if any, were caused by Plaintiff's acts and/or omissions.

## THIRD AFFIRMATIVE DEFENSE

96. Plaintiff's claims are precluded, in whole or in part, to the extent that Plaintiff's damages, if any, were caused by third parties over whom Defendants had no control or authority.

## FOURTH AFFIRMATIVE DEFENSE

97. Plaintiff failed to mitigate his damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

98. DMP is not a "debt collector" as defined by the FDCPA. Accordingly, DMP is not a proper party.

## SIXTH AFFIRMATIVE DEFENSE

99. In the alternative, if the FDCPA does apply to any or all of the Defendants, and any or all of the Defendants violated the FDCPA, all of which is denied, then Plaintiff did not suffer any actual damages.

## SEVENTH AFFIRMATIVE DEFENSE

100. In the alternative, and to the extent that any violations of state or federal law took place, which is denied, said violations were not intentional and resulted from a bone fide error that occurred notwithstanding the maintenance of procedures reasonably adapted or adopted to avoid such errors.

## EIGHTH AFFIRMATIVE DEFENSE

101. Plaintiff's claims are barred by assumption of the risk and/or contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

102. Plaintiff's claims are barred by estoppel, waiver, and/or fraud.

## TENTH AFFIRMATIVE DEFENSE

103. Plaintiff's claims against Defendants are frivolous as a matter of law as defined by FRCP Rule 11, and/or constitute an abuse of process for which Defendants seek and are entitled to recover damages, costs and attorneys' fees, and other such relief as allowed by law.

## ELEVENTH AFFIRMATIVE DEFENSE

104. Defendants assert all Statutes of Limitation applicable to the claims asserted, including those under the FDCPA.

## ADDITIONAL DEFENSES

105. Defendants reserve the right to assert additional defenses as discovery progresses and as further circumstances may warrant.

WHEREFORE, Defendants Debt Management Partners, LLC, and Hartford Casualty Insurance Company respectfully demand judgment against Plaintiff dismissing the Complaint in its entirety together with such other, further, or different relief, not inconsistent herewith, as may be just, equitable, and proper, together with the costs and disbursements of this action.

Dated: October 1, 2019

By: /s/ Dan MacLemore
Dan MacLemore
State Bar No: 24037013
BEARD KULTGEN BROPHY
BOSTWICK & DICKSON, PLLC
220 South Fourth Street
Waco, Texas 76701
Telephone: (254) 776-5500
Facsimile: (254) 776-3591
maclemore@thetexasfirm.com

Kimberly Land Cormier, Esq.
Bar No.: 00789872
BEARD KULTGEN BROPHY
BOSTWICK * DICKSON, PLLC
901 Main Street, Suite 6300
Dallas, Texas 75202
Main: (214) 761-6460
Cell: (214) 906-4495
Fax: (214) 761-6469
kcormier@thetexasfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2019, a copy of the foregoing was filed electronically via the CM/ECF. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                /s/ Dan MacLemore
                                                Dan MacLemore